UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:24-cv-1133

THOMAS COLEY,

    Plaintiff,

vs.

MID-AMERICA APARTMENTS, L.P. and ALTA FILAMENT, LLC

    Defendants.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff THOMAS COLEY ("Plaintiff"), by and through counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B) files this First Amended Complaint against Defendants MID-AMERICA APARTMENTS, L.P. and ALTA FILAMENT, LLC and states and alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff brings this action against Defendants MID-AMERICA APARTMENTS, L.P. and ALTA FILAMENT, LLC alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at MAA Optimist Park.

2. Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights

Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619.

## II.
## JURISDICTION, VENUE & PARTIES

3. This Court maintains federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 3613(a). Plaintiff asserts no state law claims.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. Plaintiff THOMAS COLEY is and, at all times relevant hereto, remains a citizen of the State of North Carolina. Plaintiff is and, at all times relevant hereto, legally handicapped and is therefore a member of a protected class under the FHA.

6. Defendant MID-AMERICA APARTMENTS, L.P., is a Tennessee limited partnership and the owner of the real property and improvements for property municipally known as MAA Optimist Park, located at 525 E 21st St., Charlotte, NC 28206, and further identified by the Mecklenburg County Tax Assessor as parcel identification number 083-044-17 (hereinafter "Property."). Defendant is the present owner of the Property.

7. Defendant ALTA FILAMENT, LLC is a Delaware limited liability company and was the former owner of the Property and involved in the design and/or construction of the Property.

2

## III.

## **STATUTORY AUTHORITY**

8. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying, "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

9. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and/or construction requirements. Defendant ALTA FILAMENT, LLC

3

failed to comply with the FHAAG and ANSI in the design and/or construction of the Property. Defendant ALTA FILAMENT, LLC also failed to comply with any other recognized objective FHA or ADA standard for accessibility.

11. The FHA expressly provides for private enforcement by an "aggrieved person" defined as a person who claims to have been injured by a discriminatory housing practice or believes that such person will be injured by a discriminatory housing practice. 42 U.S.C. § 3613(i)(1)(A) (private right of action); 42 U.S.C. § 3602i. (defining aggrieved person).

12. The Property consists of approximately 352 total units in one building and serviced by elevators.

13. The Property described above was designed and constructed for first occupancy after January 2023.

14. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

15. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604(f). These include all ground floor units and units served by elevators.

16. Defendant ALTA FILAMENT, LLC's failure to design and/or construct the Property in compliance with Section 3604(f)(3)(C) occurred during the design and/or construction of the Property.

17. Since obtaining ownership of the Property, Defendant MID-AMERICA APARTMENTS, L.P. continuously discriminated against Plaintiff and others

similarly situated in the terms, conditions, or privileges of rental due to the Plaintiff's handicap.

## IV.

## **FACTUAL ALLEGATIONS**

### A. Factual Background

23. Plaintiff incorporates by reference the prior paragraphs as though fully set forth herein.

24. Plaintiff was researching apartments in the Charlotte area. Plaintiff visited the Property in or about December 2024 and looked at one or more units. Plaintiff observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities, due to his handicap.

24. The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property. Plaintiff personally encountered these barriers which prevent him from being able to independently use the features of the Property and not benefit from the terms, conditions and privileges of rental at the Property.

25. As a result of Defendants' non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the features of Property. Plaintiff would require constant assistance in utilizing the Property amenities, such as the coffee makers in the lobby and lounge, accessing power outlets and environmental controls, along with utilizing the business center. This prevents Plaintiff from enjoying the rights and privileges of rental which any non-handicapped individual can readily access and enjoy without the necessity of assistance.

26. Defendant MID-AMERICA APARTMENTS, L.P.'s apartments lack various mandatory elements required by the FHA, to make the apartments accessible and usable for people with disabilities. These barriers prevent handicapped persons from being able to socialize in these areas, which are intended and marketed by Defendant MID-AMERICA APARTMENTS, L.P., as benefits, terms and conditions of tenancy.

27. As a handicapped individual and advocate for same, Plaintiff is concerned whether apartments are accessible and useable for people with disabilities.

28. In addition, the barriers at the Property will interfere with residents associating with disabled persons who encounter the barriers at the Property. Disabled relatives and visitors to tenants will encounter the barriers and be deterred from accessing the Property. Plaintiff would have to utilize the common spaces and invite others with disabilities to the Property, knowing that they are not in compliance and result in further injury and embarrassment in not being able to enjoy the same rights and privileges of rental as non-handicapped persons.

29. Because the barriers at the Property are structural, it is inevitable that disabled persons visiting the Property will encounter them, thereby causing them the very injuries sought to be prevented by the FHA's design and construction requirements. Defendant ALTA FILAMENT, LLC was involved in the design and/or construction of the Property and was aware that the design and construction was not in compliance with applicable FHA regulations and sold the Property, knowing that it would create continuous and ongoing discrimination against disabled persons.

6

Case 3:24-cv-01133-MOC-DCK    Document 16    Filed 04/30/25    Page 6 of 12

30. Such discrimination creates a presumption that injunctive relief to remedy the discrimination is necessary. Absent injunctive relief to remedy the barriers, they will exist in perpetuity at the Property. These blatant violations effectively communicate that people with disabilities are not welcome in the Property.

31. Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of his rights under the FHA.

32. Plaintiff has been injured by the Defendant ALTA FILAMENT, LLC's discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property.

33. Plaintiff has been injured by Defendant MID-AMERICA APARTMENTS, L.P.'s actions an inaction in ensuring the Property is in compliance with the FHA which prevent him from being able to independently use the features of the Property and not benefit from the terms, conditions and privileges of rental at the Property.

  **B.**  **Defendant Alta Filament LLC: FHA Violations.**

35. Defendant ALTA FILAMENT, LLC, was involved in the construction and/or design the covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and failed to design and/or construct the Property in such a manner that complies with the FHA.

36. Defendant ALTA FILAMENT, LLC has failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with

disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008), including but not limited to:

a. The public coffee machine in the lobby is not located so that the highest operable parts are lower than 48" above the finished floor.
b. The tenant mailboxes are not located so that the highest operable parts are lower than 48" above the finished floor.
c. The coffee machine in the lounge is not located so that the highest operable parts are lower than 48" above the finished floor.
d. The printer in the business center is not located so that the highest operable parts are lower than 48" above the finished floor.
e. The door to the pet spa does not provide adequate maneuvering clearance on the latch side.

37. Defendant ALTA FILAMENT, LLC has failed to design and/or construct light switches, electrical outlets, thermostats and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). The unit thermostats are not located so that the highest operable parts are lower than 48" above the finished floor.

38. Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendant ALTA FILAMENT, LLC has violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

**Defendant Mid-America Apartments, L.P: FHA Violations.**

39. Defendant MID-AMERICA APARTMENTS, L.P., as present owner of the Property, has engaged in and will continue to engage in discriminatory acts under 42 U.S.C. § 3604(f)(2), to Plaintiff and other disabled individuals in the terms, conditions and privileges of rental within the Property.

40. Defendant MID-AMERICA APARTMENTS, L.P. has failed to maintain and/or remediate the public and common-use areas that are readily accessible to and usable by people with disabilities to include, but not limited to:

   a. The public coffee machine in the lobby is not located so that the highest operable parts are lower than 48" above the finished floor.
   b. The public coffee machine in the lobby is not located so that the highest operable parts are lower than 48" above the finished floor.
   c. The tenant mailboxes are not located so that the highest operable parts are lower than 48" above the finished floor.
   d. The coffee machine in the lounge is not located so that the highest operable parts are lower than 48" above the finished floor.
   e. The printer in the business center is not located so that the highest operable parts are lower than 48" above the finished floor.
   f. The door to the pet spa does not provide adequate maneuvering clearance on the latch side.

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

41. The allegations in the preceding paragraphs are incorporated by reference as though fully set forth herein.

42. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

9
Case 3:24-cv-01133-MOC-DCK     Document 16     Filed 04/30/25     Page 9 of 12

43. Plaintiff has standing to sue as an "aggrieved person" as defined in 42 U.S.C. § 3602(i) which includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur.

44. At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

45. Plaintiff's inability to lawfully access Defendant's Property created a deterrent effect in which Plaintiff was unable to identify other barriers restricting Plaintiff's access under the ADA. These barriers prevented Plaintiff from accessing the Property and thus preventing Plaintiff from enjoyment of goods and services solely on basis of his disability.

46. Defendant's discriminatory conduct has damaged Plaintiff.

47. Through the actions and inactions described above, the Defendants have:

    a. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    b. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

# VII.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendants, and each of them, were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant ALTA FILAMENT, LLC its officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

   1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them; failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

   2. failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

   3. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendant's unlawful housing practices.

c. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant MID-AMERICA APARTMENTS, L.P., its officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from discriminating against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2);

d. An injunction enjoining Defendant from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendant and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be

ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendant;

d. Award such damages as would fully compensate Plaintiff for his injuries incurred as a result of the Defendant's discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e. Award such punitive damages against Defendant as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f. Payment of costs of suit;

g. Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

h. The provision of whatever other relief the Court deems just, equitable and appropriate.

## VIII.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 30, 2025

/s/ David J Martin
_____
David J. Martin, Esq.
Attorney for Plaintiff
N.C. Bar No.: 40309
P.O. Box 135
Winterville, NC 28590
984-298-5470
david@martinfirm.law